THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS D. RIVERA-CARRASQUILLO,<br><br>   Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>   Respondent. | Civil No. 21-1198 (ADC)<br>[Related to Crim. No. 12-200-03 (ADC)] |
| EDWIN BERNARD ASTACIO-ESPINO,<br><br>   Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>   Respondent. | Civil No.  21-1210 (ADC)<br>[Related to Crim. No. 12-200-02 (ADC)] |
| RAMON LANZA-VAZQUEZ,<br><br>   Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>   Respondent. | Civil No. 21-1297 (ADC)<br>[Related to Crim. No. 12-200-18 (ADC)] |

**ORDER OF REFERRAL**

     The three above-named petitioners were jointly charged, tried, and convicted. All three have now moved under 28 U.S.C. § 2255 for post-conviction relief, asserting multiple claims, some of which are highly similar to each other. Among others, they asserted claims of ineffective

assistance of counsel, and within those claims, all petitioners assert that during jury selection (which involved an anonymous jury panel), they alerted trial counsel of the presence, among the jury panel, of someone they believed was the mother of an alleged member of a rival gang ("Rompe ONU").

At trial level, petitioner Rivera-Carrasquillo was represented by Attorney Lydia Lizarribar-Masini. Petitioner Astacio-Espino was represented by Attorney Francisco Rebollo-Casalduc. And petitioner Lanza-Vázquez was represented by Attorney José R. Aguayo. The claims asserted by each petitioner against his respective trial counsel are summarized below.

a) Attorney Lydia Lizarribar-Masini

1) Failed to request a mistrial before the trial court on the basis of information that a juror failed to disclose during *voir dire* questioning that she had a son who was or had been incarcerated and was possibly associated with a rival gang. *See* Civ. No. 21-1198, **ECF No. 1-1** at 15.

2) Failed to object to trial judge Hon. José A. Fusté's erroneous inclusion of "firearms" as a racketeering activity in his oral jury instructions. *Id.*, at 20.

3) Failed to retain a medical expert and prepare a defense based on petitioner Rivera-Carrasquillo's mental capacity given her knowledge of his past head injuries. *Id.*, at 31.

4) Failed to request the recusal of trial judge Hon. José A. Fusté for bias given certain remarks he made during the sentencing hearing of a co-defendant in a separate trial. *Id.*, at 34.

5) Failed to cross-examine and impeach witness Wesley Figueroa-Cancel with his prior statements to the FBI, which were allegedly inconsistent with his testimony regarding one of the murders petitioner Rivera-Carrasquillo was charged with. *Id.*, at 35; *see also* Civ. No. 21-1198, **ECF No. 23** (raising related prosecutorial misconduct claim based on Figueroa-Cancel's allegedly perjured testimony).

6) Failed to request a multiple conspiracy instruction given the evidence presented at trial. *Id.*, at 40.

7) Failed to introduce evidence, in the form of the testimony of an inmate named Alexis Betancourt, that the government's cooperating witnesses were meeting in jail to coordinate their testimonies prior to trial. *See* Civ. No. 21-1198, **ECF No. 3**.

8) Failed to assert claims under *United States v. Taylor*, 596 U.S. 845 (2022), and out-of-circuit case law. *See* Civ. No. 21-1198, **ECF No. 18**.

b) <u>Attorney Francisco Rebollo-Casalduc</u>

1) Failed to request a mistrial before the trial court on the basis of information that a juror failed to disclose during *voir dire* questioning that she had a son who was or had been incarcerated and was possibly associated with a rival gang. *See* Civ. No. 21-1210, **ECF No. 2** at 13.

2) Failed to introduce evidence, in the form of the testimony of an inmate named Alexis Betancourt, that the government's cooperating witnesses were meeting in jail to coordinate their testimonies prior to trial. *Id.*, at 18.

3) Failed to request the recusal of trial judge Hon. José A. Fusté given for bias certain remarks he made during the sentencing hearing of a co-defendant in a separate trial. *Id.*, at 19.

4) Failed to introduce an English-language translation of a declaration used in support of his motion to suppress evidence. *Id.*, at 21.

5) Failed to request that the Court strike a government witness' testimony, which relied on hearsay from a declarant, who in turn then failed to identify petitioner Astacio-Espino in open court. *Id.*, at 25.

6) Failed to object to trial judge Hon. José A. Fusté's erroneous inclusion of "firearms" as a racketeering activity in his oral jury instructions. *Id.*, at 28.

7) Failed to request a multiple conspiracy instruction given the evidence presented at trial. *Id.*, 34.

8) Failed to object to jury instructions under *United States v. Taylor*, 596 U.S. 845 (2022), and out-of-circuit case law. *See* Civ. No. 21-1210, **ECF No. 18**.

c) <u>Attorney José R. Aguayo</u>

1) Failed to request a mistrial before the trial court on the basis of information that a juror failed to disclose during *voir dire* questioning that she had a son who was or had

been incarcerated and was possibly associated with a rival gang. *See* Civ. No. 21-1297, **ECF No. 1-1** at 10.

2) Failed to introduce evidence, in the form of the testimony of an inmate named Alexis Betancourt, that the government's cooperating witnesses were meeting in jail to coordinate their testimonies prior to trial. *Id.*, at 14.

3) Failed to request the recusal of trial judge Hon. José A. Fusté for bias given certain remarks he made during the sentencing hearing of a co-defendant in a separate trial. *Id.*, at 15.

4) Failed to investigate and elicit the names of the intellectual authors of the murder of Orlando Medina-Serrano, and in so doing, failed to challenge the government's theory that this murder was taken in furtherance of the charged racketeering activity. *Id.*, at 17; *see also* Civ. No. 21-1297,**ECF No. 11**.

5) Failed to properly advise petitioner Lanza-Vázquez on government's plea offer. *See* Civ. No. 21-1297, **ECF No. 12**.

In addition to all of the above ineffective assistance of counsel claims, all three petitioners raised a claim under *United States v. Davis*, 588 U.S. 445 (2019), alleging, in sum, that the jury was not properly instructed as to the meaning of "crime of violence" in 18 U.S.C. § 924(c)(3)(A) and its relation to the underlying Puerto Rico murder statute, reason for which their convictions on several counts must fall. *See* Civ. No. 21-1198, **ECF No. 1-1** at 26; Civ. No. 21-1210, **ECF No. 2** at 8; Civ. No. 21-1297, **ECF No. 1-1** at 5.

The Court hereby **REFERS** the above-captioned petitions to United States Magistrate Judge Héctor L. Ramos-Vega under Rule 8(b) of the Rules for Section 2255 Proceedings, for the celebration of an evidentiary hearing on petitioners' claims. Magistrate Judge Ramos-Vega is to issue a Report and Recommendation with proposed findings of fact and recommendations for disposition on all claims and pending motions. To the extent possible, the Magistrate Judge shall issue his Report and Recommendation prior to the end of February 2025.

In order to enable a prompt and efficient consideration of the claims, the Court hereby appoints, pursuant to the Criminal Justice Act, Attorney Thomas R. Lincoln-San Juan to represent petitioner Rivera-Carrasquillo, Attorney José R. Gaztambide-Añeses to represent petitioner Astacio-Espino, and Attorney Joseph A. Boucher-Martínez to represent petitioner Lanza-Vázquez.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 19th day of December, 2024.

**S/AIDA M. DELGADO-COLÓN**
**UNITED STATES DISTRICT JUDGE**