UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EDWIN BERNARD ASTACIO-ESPINO<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | Civil No. 21-1210(ADC) |

RESPONSE IN OPPOSITION TO

MOTION TO FOR LEAVE TO FILE AMENDED MOTION (ECF NO. 44)

Mr. Astacio-Espino filed his motion to vacate in April of 2021[1] along with a Supplemental Memorandum. ECF Nos. 1 and 2. The government filed its response in March of 2022. ECF No. 9. He later filed a reply and a Supplemental Motion. ECF Nos. 11 and 18. He now intends to file an amended petition and claims it does not present new or unrelated claims. ECF No. 44. The amended motion was tendered at ECF No. 46.

As relevant here, pursuant to § 2255(f)(1), motions attacking a sentence must be raised within one year of the date on which the judgment became final. Here, the Supreme Court denied the writ of certiorari on April 20, 2020. Thus, the one-year statute of limitations expired on April 20, 2021. Since then, petitioner has asserted additional ineffective assistance of counsel claims that did not appear in his timely filed motion. Those claims are time barred unless they relate back to the original claim.

---

[1] He certified having deposited it on April 16, 2021. ECF No. 1 at p. 13. The label says that it was mailed on April 23, 2021. ECF No. 1-2. It was docketed on April 30, 2021.

Federal Rule of Civil Procedure 15 governs amendments to habeas petitions in a § 2255 proceeding thereby permitting otherwise untimely pleading amendments to "relate back" to the date of the timely-filed original pleading provided the claim asserted in the amended plea "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *United States v. Ciampi*, 419 F.3d 20, 23-24 (1st Cir. 2005) (internal citations omitted) "[I]n the habeas corpus context, the Rule 15 "relation back" provision is to be strictly construed, in light of "'Congress' decision to expedite collateral attacks by placing stringent time restrictions on [them].'" *Id.* "Accordingly, amended habeas corpus claims generally must arise from the "same core facts," and not depend upon events which are separate both in time and type from the events upon which the original claims depended." *Id.*

"The standard cannot be satisfied merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance.'" *Turner v. United States*, 699 F.3d 578, 585 (quoting *Ciampi*, 419 F. 3d at 24). "Consequently, by comparing the claims raised in both motions, the Court can determine whether the new claims meet the requirements of Rule 15". *Colon v. United States*, No. 20-1199 (ADC), 2023 U.S. Dist. LEXIS 176017, at *9 (D.P.R. Sep. 28, 2023).

As summarized by the Court in its order of referral (ECF No. 20), petitioner raised the following claims against counsel Rebollo:

1) Failed to request a mistrial before the trial court on the basis of information that a juror failed to disclose during *voir dire* questioning that she had a son who was or had been incarcerated and was possibly associated with a rival gang. ECF No. 2 at 13.

2) Failed to introduce evidence, in the form of the testimony of an inmate named Alexis Betancourt, that the government's cooperating witnesses were meeting in jail to coordinate their testimonies prior to trial. *Id.*, at 18.

3) Failed to request the recusal of trial judge Hon. José A. Fusté given for bias certain remarks he made during the sentencing hearing of a co-defendant in a separate trial. *Id.*, at 19.

4) Failed to introduce an English-language translation of a declaration used in support of his motion to suppress evidence. *Id.*, at 21.

5) Failed to request that the Court strike a government witness' testimony, which relied on hearsay from a declarant, who in turn then failed to identify petitioner Astacio-Espino in open court. *Id.*, at 25.

6) Failed to object to trial judge Hon. José A. Fusté's erroneous inclusion of "firearms" as a racketeering activity in his oral jury instructions. *Id.*, at 28.

7) Failed to request a multiple conspiracy instruction given the evidence presented at trial. *Id.*, 34.

8) Failed to object to jury instructions under *United States v. Taylor*, 596 U.S. 845 (2022), and out-of-circuit case law. ECF No. 18.

In his Amended Motion, Astacion-Espino impermissibly seeks to expand his petition to include additional claims that do not relate back and are time-barred.

*First*, Astacio-Espino now claims "juror misconduct", in form of concealment of information during *voir dire*, as a new basis for vacatur. This a different claim than was raised in the original petition where he alleged only that counsel refused to address the matter with

the Court. ECF No. 2 at pp. 15-17.[2] Notably, that original claim is discussed separately in the amended motion (ECF No. 46) at pages 12-13 further highlighting the difference between the two allegations.

*Second*, Astacio-Espino now claims that counsel should have moved for the disqualification of Judge Fuste because he had been the target the target of a murder plot involving Petitioner's alleged co-conspirators. ECF No. 46 at. 14. This a different claim than was raised in the original petition where he alleged only that counsel failed to move to disqualify Judge Fuste on the basis of statements about the Pep Boys murder made during the sentencing of co-defendant Ramos-Cruz. ECF No. 2 at pp. 19-20 and ECF No. 11-1 at pp. 8-9.

*Third*, Astacio-Espino now claims that trial counsel "failed to object to legally flawed jury instructions regarding the use of RICO conspiracy and VICAR murder as predicate offenses for 18 U.S.C. § 924(c)". ECF No. 46 at p. 15. This a different claim than was raised in the original petition where he alleged only that counsel was ineffective in failing to object to the inclusion of *firearm* offenses as a type of racketeering activity. ECF No. 2 at pp. 28-33; *see also* ECF No. 11-1 at pp. 12-13.

"The fact that all of these claims relate to the same trial does not mean they arose out of the same "conduct, transaction, or occurrence" so as to relate back. *United States v. Thinh Cao*, No. 05-134-ML, 2011 U.S. Dist. LEXIS 102964, at *32 (D.R.I. Sep. 12, 2011) (citing *Mayle v. Felix*, 545 U.S. 644, 663-664 (rejecting such a broad reading in the habeas context).

---

[2] The motion further clarified that petitioner was "not questioning "C.D.'s" conversations with other jurors during deliberations". ECF No. 2 at pp. 15-17.

Because these new claims do not arise from the "same core facts" and are separate from the events upon which the original claims depended, they do not relate back to the original petition. Thus, the Court should deny Astacio-Espino's request for leave to amend the petition.

    RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, July 24, 2025.

    W. STEPHEN MULDROW
    UNITED STATES ATTORNEY

    *s/ Jeanette M. Collazo-Ortiz*
    Jeanette M. Collazo-Ortiz
    Assistant United States Attorney
    USDC No. 226803
    350 Chardon Avenue; Torre Chardon, Suite 1201
    Hato Rey, Puerto Rico, 00918
    Tel: 787-772-3970
    Fax: 787-766-5398
    Email: jeanette.collazo@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on this day, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

    *s/ Jeanette M. Collazo-Ortiz*
    Jeanette M. Collazo-Ortiz
    Assistant United States Attorney